# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE HENRY FORD HEALTH SYSTEM DATA SECURITY LITIGATION | Master File No.: 2:23-cv-11736-GAD-KGA<br><br>Hon. Gershwin A. Drain<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING NOTICE

This case is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"), brought by Plaintiffs Briana Tabbs, Latricia Pelt, Brandi McKenzie, and David King (collectively, "Plaintiffs"). The Court, having considered the Unopposed Motion, the supporting Brief, the Parties' Settlement Agreement dated June 14, 2024 (the "Settlement Agreement"), attached to the Unopposed Motion as Exhibit 1; the proposed Claim Form, Long Form Notice, and Short Form Notice (attached as Exhibits A, B, and D, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown, **GRANTS** the Motion.

**IT IS HEREBY ORDERED** as follows:

1

## Preliminary Approval of Settlement Agreement

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Henry Ford Health System ("Henry Ford" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing shall be held as set forth below.

## Class Certification

4. Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All natural persons who are residents of the United States and who were mailed written notification by Henry Ford that their Personal Information was accessed, viewed, and/or obtained by an unauthorized party as a result of the Data Security Incident which occurred on or about March 30, 2023.

5. Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to

evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

6. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law of fact common to the Settlement Class;

    c. Plaintiffs and Proposed Settlement Class Counsel (as defined below) fairly and adequately represent that Settlement Class;

    d. The claims of Plaintiffs are typical of those of Settlement Class Members;

    e. Common issues predominate over any individual issues affecting the members of the Settlement Class;

    f. Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

    g. Settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7. The Court provisionally appoints The Miller Law Firm P.C. as Settlement Class Counsel (hereinafter "Proposed Class Counsel"), having

determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.      The Court hereby appoints Briana Tabbs, Latricia Pelt, Brandi McKenzie, and David King as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

### Notice to Settlement Class Members

9.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Form Notice and the Short Form Notice (the "Settlement Notices"), attached as Exhibits B and D, respectively, to the Settlement Agreement and attached to this Order as Exhibits 1B & 1C, and finds that the dissemination of these Settlement Notices substantially in the manner and form set forth in §§ 6.1-6.3 of the Settlement Agreement complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.     The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement attached as Exhibit 1A to this Order, which will be available both on the Settlement Website and by request.

11.     The notice procedures described above are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the

Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12. The Court hereby orders that, within fourteen (14) days of entry of this Order, Henry Ford shall provide to the Claims Administrator the contact information of Settlement Class Members, including names and physical addresses, that is currently in Henry Ford's possession.

13. No later than thirty-five (35) days from the date of this Order preliminarily approving the Settlement ("Notice Commencement Date"), Proposed Class Counsel shall cause the Claims Administrator to send via U.S. mail the Short Form Notice to each Settlement Class member and shall cause to be published the Long Form Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

14. Contemporaneous with seeking Final Approval of the Settlement, Proposed Class Counsel and Henry Ford shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

15. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

16. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

### Responses by Settlement Class Members and the Scheduling of the Final Approval Hearing

17. Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

18. Any members of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office Box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally sign and submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Henry Ford.

19. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be

6

bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

20.   The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| Henry Ford provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval |
| Henry Ford to provide contact information for Settlement Class Members | Within 14 days after entry of Preliminary Approval Order |
| Notice Program commences | Within 35 days after entry of Preliminary Approval Order |
| Notice Program concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d): | 90 days after the appropriate governmental offices are served with CAFA notice |
| Postmark deadline for request for exclusion (opt-out) or objections: | 60 days after commencement of Notice Program |
| Deadline to file Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards: | No later than 14 days prior to the deadline for request for exclusion (opt-out) or objections |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement | No later than 14 days prior to the Final Fairness Hearing |

| Postmark/Filing deadline for members of the Class to file claims | 90 days after commencement of the Notice Program |
|---|---|
| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to file or cause to be filed, if necessary, a supplemental declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | To be set by the Court and held at the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 in Courtroom 761 and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

21. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date set by the Court.

22. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Proposed Class Counsel's application for award of attorney's fees and costs, and request for

the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

23. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Proposed Class Counsel.

25. Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry

of Final Approval Order and the judgment approving the Settlement, (c) Proposed Class Counsel's application for fees and expenses, or (d) the service award request, by mailing a written objection, with a postmark date no later than the Objection Date, to Proposed Class Counsel and Henry Ford's Counsel. The Settlement Class Member making the objection (the "Objector") or his or her counsel may also file an objection with the Court through the Court's Electronic Court Filing ("ECF") system, with service on Proposed Class Counsel and Henry Ford's Counsel made through the ECF system. For all objections mailed to Proposed Class Counsel and Henry Ford's Counsel, Proposed Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

26. The Objector's objection must be either (1) filed with the Court no later than sixty (60) days after the Notice Commencement Date or (2) mailed to Proposed Class Counsel and Henry Ford's Counsel, with a postmark date of no later than sixty (60) days after the Notice Commencement Date. To be valid, the objection must include: (i) the Objector's full name and address; (ii) the case name and docket number, *In re Henry Ford Health System Data Security Breach Litigation*, Case No. 2:23-cv-11736-GAD-KGA (E.D. Mich.); (iii) information identifying the Objector as a Settlement Class Member, including proof that the Objector is a member of the Settlement Class (e.g., copy of the Objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the Objector believes he

10

or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the Objector believes applicable; (v) the identity of any and all counsel representing the Objector in connection with the objection; (vi) a statement whether the Objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the Objector's signature or the signature of the Objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

27. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Proposed Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

29. Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Henry Ford with respect to all of the Released Claims.

30. Henry Ford, through the Settlement Administrator, shall cause to be prepared and sent all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

31. Proposed Class Counsel and Henry Ford's Counsel shall cooperate promptly and fully in the preparation of such notices, including providing Henry Ford with any and all information in its possession necessary for the preparation of these notices. Henry Ford shall provide, or cause to be provided, courtesy copies of the notices to Proposed Class Counsel for the purpose of implementing the settlement. The Settlement Administrator shall provide notice to Proposed Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## Administration of the Settlement

32. The Court hereby appoints the claims administrator proposed by the parties, RG2 Claims Administration LLC ("Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post

office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid from the Settlement Fund.

33. In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Henry Ford and any other Released Entity, and Henry Ford and any other Released Entities shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and

shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Henry Ford as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**IT IS SO ORDERED.**

Dated: June 25, 2024             s/Gershwin A. Drain
                                                 The Honorable Gershwin A. Drain
                                                 United States District Court Judge