## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| IN RE HENRY FORD HEALTH SYSTEM DATA SECURITY LITIGATION | Case No.: 2:23-cv-11736-GAD-KGA |
|  | Hon. Gershwin A. Drain |
|  | **CLASS ACTION** |
|  | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' UNOPPOSED MOTION FOR
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

Pursuant to Federal Rule of Civil Procedure 23(e)(2) ("Rule 23"), Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court for final approval of the class action Settlement[1] that this Court preliminarily approved on June 25, 2024 (ECF No. 18):

Plaintiffs respectfully request this Court:

1.  Grant final certification of the Settlement Class for settlement purposes pursuant to Rule 23(a) and (b)(3);

2.  Finally appoint Plaintiffs Briana Tabbs, Latricia Pelt, Brandi McKenzie, and David King as Class Representatives;

3.  Finally appoint The Miller Law Firm, P.C. as Class Counsel;

4.  Find that the Notice Plan met the requirements of Rule 23(c)(2)(B);

5.  Find that the terms of the Settlement Agreement are fair, reasonable, and adequate and are approved, adopted, and incorporated by the Court;

6.  Direct the Parties, their respective attorneys, and the Settlement Administrator to consummate the Settlement in accordance with

---

[1] Unless otherwise indicated, capitalized terms used in this Motion and Brief in Support have the same meanings as in the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit 1 to the Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, which is Exhibit A to the Brief in Support.

the [Proposed] Final Judgment Approving Class Action Settlement ("[Proposed] Final Judgment") and terms of the Settlement Agreement; and

7. Resolve all claims as to all Parties and Class Members in this action and issue the [Proposed] Final Judgment.

This Motion is based on: (1) this Motion; (2) the Brief in Support filed herewith; (3) the Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, attached as Exhibit A to the Brief in Support; (4) the Settlement Agreement and accompanying Exhibits (Exhibit 1 to the Miller Declaration); (5) the Declaration of Tina Chiango Regarding Dissemination of Notice to the Class and in Support of Plaintiffs' Motion for Final Approval by the court-appointed Settlement Administrator, RG/2 Claims Administration LLC, attached as Exhibit B to the Brief in Support; (6) Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Brief in Support, and Supporting Declarations (ECF Nos. 17, 17-2, 17-3); (7) all other pleadings and papers on file in this action; and (8) any oral argument that may be heard by this Court at or prior to the Final Approval Hearing.

The undersigned counsel certifies that counsel communicated with counsel for the Defendant explaining the nature of the relief to be sought by way of this

Motion and seeking concurrence in the relief; and Defendant's Counsel indicated that Defendant does not oppose Plaintiffs' Motion.

For the reasons set forth in Plaintiffs' Brief in Support of their Unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs respectfully request that the Court grant final approval to the Class Action Settlement and enter final judgment.[2]

Dated: October 15, 2024

Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

*Interim Lead Counsel for Plaintiffs*
*and the Proposed Class*

Jonathan Shub
Benjamin F. Johns
Samantha E. Holbrook
**SHUB & JOHNS LLP**
Four Tower Bridge
200 Barr Harbor Drive, Ste. 400
Conshohocken, PA 19428
T: (610) 477-8380
jshub@shublawyers.com
bjohns@shublawyers.com

---

[2] Attached to the Brief in Support are copies of a proposed Final Approval Order (Exhibit C) and proposed Final Judgment (Exhibit D).

sholbrook@shublawyers.com

Bart D. Cohen
**BAILEY GLASSER LLP**
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420
bcohen@baileyglasser.com

Jeff Ostrow
Kristen Lake Cardoso
Steven Sukert
**KOPELOWITZ OSTROW
FERGUSON WEISELBERG
GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
cardoso@kolawyers.com
sukert@kolawyers.com

William "Billy" Peerce Howard
**THE CONSUMER PROTECTION
FIRM, PLLC**
401 East Jackson Street, Suite 2340
Truist Place
Tampa, FL 33602
(813) 500-1500
Billy@TheConsumerProtectionFirm.com

Nick Suciu III (P72052)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs and the
Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| IN RE HENRY FORD HEALTH SYSTEM DATA SECURITY LITIGATION | Case No.: 2:23-cv-11736-GAD-KGA |
|  | Hon. Gershwin A. Drain |
|  | **CLASS ACTION** |
|  | **JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF PLAINTIFFS'
## UNOPPOSED MOTION FOR FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1.     Should the Court grant final certification of the Settlement Class pursuant to the Federal Rules of Civil Procedure Rule 23(a) and (b)(3)?

**Plaintiffs' Answer: Yes**

2.     Should the court finally appoint Plaintiffs Briana Tabbs, Latricia Pelt, Brandi McKenzie, and David King as Class Representatives because they have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs' Answer: Yes**

3.     Should the Court finally appoint E. Powell Miller of The Miller Law Firm, P.C. as Settlement Class Counsel, finding that he has fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs' Answer: Yes**

4.     Should the Court find that the Notice Plan met the requirements of Fed. R. Civ. P. 23(c)(2)(B)?

**Plaintiffs' Answer: Yes**

5.     Should the Court find that the proposed class action settlement is fair, reasonable, adequate and, accordingly, grant final approval of it pursuant to Fed. R. Civ. P. 23(e)(2)?

**Plaintiffs' Answer: Yes**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 23

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*Leonhardt v. ArvinMeritor, Inc.*,
    581 F. Supp. 2d 818 (E.D. Mich. 2008)

*UAW v. Gen. Motors Corp.*,
    2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983)

*In re Wright & Filippis, LLC Data Sec. Breach Litig.*, 2024 WL 3083436 (E.D.
    Mich. June 20, 2024)

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process
    Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................1

II.     SUMMARY OF LITIGATION.....................................................................3

III.    THE SETTLEMENT TERMS ...................................................................5

IV.     THE NOTICE PLAN COMPORTS WITH DUE PROCESS. .......................7

V.      THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE
        23 AND SHOULD BE CERTIFIED............................................................10

        A. Rule 23(a) Requirements Are Met for Settlement Purposes...................10

        B. Rule 23(b) Requirements Are Met for Purposes of Settlement. ..............13

             1. Common Questions of Law and Fact Predominate. ......................14

             2. A Class Action Is the Superior Method of Adjudication...............15

VI.     THE SETTLEMENT SHOULD BE FINALLY APPROVED.....................16

        A. Rule 23(e)(2) Factors Weigh in Favor of Final Approval.......................17

        B. The Sixth Circuit's UAW Factors Weigh in Favor of Final Approval....18

             1. There Is No Risk of Fraud or Collusion (*UAW* Factor 1)..............18

             2. Litigation Through Trial Would be Complex, Costly, and Long
                (*UAW* Factor 2). ...............................................................19

             3. Discovery Has Advanced Far Enough to Allow the Parties to
                Resolve the Case Responsibly (*UAW* Factor 3)............................20

             4. Plaintiffs Face Real Risks if the Case Proceeded (*UAW* Factor 4)
                ...........................................................................................20

             5. Class Counsel and Class Representatives Support the Settlement
                (*UAW* Factor 5). ...............................................................21

             6. The Reaction of Absent Class Members Is Uniformly Positive
                (*UAW* Factor 6). ...............................................................22

             7. The Settlement Serves the Public Interest (*UAW* Factor 7)..........23

VII.    SETTLEMENT CLASS COUNSEL SHOULD RECEIVE FINAL
        APPOINTMENT. ...................................................................................24

VIII.   CONCLUSION........................................................................................25

# TABLE OF AUTHORITIES

## Cases

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................... 14, 15, 16

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) ................................ 12, 14

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877 (6th Cir. 1997) ...........................12

*Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402 (E.D. Mich. 2012).........15

*Curry v. SBC Commc'ns, Inc.*, 250 F.R.D 301 (E.D. Mich. 2008) ........................11

*Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283 (W.D. Ky. 2014).....................7

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .................................................7

*Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008).........................................................8

*Garner Properties & Mgmt., LLC v. City of Inkster*,
  333 F.R.D. 614 (E.D. Mich. 2020).....................................................................12

*George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356 (N.D. Ga. 2019) ................23

*Hall v. Bank of Am., N.A.*, 2014 WL 7184039 (S.D. Fla. Dec. 17, 2014).............23

*Halliday v. Weltman, Weinber & Reis Co., L.P.A.*,
  2013 WL 692856 (E.D. Mich. Feb. 26, 2013)....................................................16

*Hanlon v. Chrysler*, 150 F.3d 1011 (9th Cir. 1998) ........................................ 22, 23

*Hughes v. Microsoft Corp.*, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001).....23

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003).......... 22, 23

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) .....................................23

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
  2009 WL 5184352 (W.D. Ky. Dec. 22, 2009) .....................................................8

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) ...............................................................................15

*In re Wright & Filippis, LLC Data Sec. Breach Litig.*,
  2024 WL 3083436 (E.D. Mich. June 20, 2024) ..................................................25

*IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583 (E.D. Mich. 2006) ...................23

*Kinder v. Nw. Bank*, 278 F.R.D. 176 (W.D. Mich. 2011) ......................................11

*Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818 (E.D. Mich. 2008) ...... 16, 18

*Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47 (E.D. Mich. 2016) .............15

*Massiah v. MetroPlus Health Plan, Inc.*,
  2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ....................................................22

*Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528 (E.D. Mich. 2013)................14

*Olden v. Gardner*, 294 F. App'x 210 (6th Cir. 2008)..............................................22

*Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592 (6th Cir. 2007)...........15

*Sheick v. Auto. Component Carrier, LLC*,
  2010 WL 3070130 (E.D. Mich. Aug. 2, 2010)....................................................18

*Sprague v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998) ...........................12

*UAW of Am. v. Ford Motor Co.*, 2008 WL 4104329 (E.D. Mich. Aug. 29, 2008). 21
*UAW v. Gen. Motors Corp.*, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ...... 7, 19
*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) ......................... 8, 20, 22
*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................ 11
*Williams v. Vukovich*, 720 F.2d 909 (6th Cir. 1983) ............................................. 16

**Statutes**

28 U.S.C. § 1715(b) ....................................................................................................... 9

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... passim
Fed. R. Civ. P. 23(a)(1) ............................................................................................. 11
Fed. R. Civ. P. 23(a)(2) ............................................................................................. 11
Fed. R. Civ. P. 23(a)(3) ............................................................................................. 12
Fed. R. Civ. P. 23(a)(4) ............................................................................................. 13
Fed. R. Civ. P. 23(b) .................................................................................................. 14
Fed. R. Civ. P. 23(b)(3) ......................................................................................... 14,16
Fed. R. Civ. P. 23(c)(2)(B) .......................................................................................... 7
Fed. R. Civ. P. 23(e) .................................................................................................. 16
Fed. R. Civ. P. 23(e)(2) ......................................................................................... 16, 17
Fed. R. Civ. P. 23(f) .............................................................................................. 19, 21
Fed. R. Civ. P. 23(g)(1)(B) ......................................................................................... 24

## I.  INTRODUCTION

On June 25, 2024, this Court preliminarily approved a $700,000 non-reversionary common fund Settlement[1] between Plaintiffs Briana Tabbs, Latricia Pelt, Brandi McKenzie, and David King (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, and Defendant Henry Ford Health System ("Henry Ford"). ECF No. 17. RG/2 Claims Administration LLC ("RG/2") has implemented the Court-approved Notice Plan and direct notice has reached approximately 98.6% of the Settlement Class. **Exhibit B**, Declaration of Tina Chiango Regarding Dissemination of Notice to the Class and in Support of Plaintiffs' Motion for Final Approval, ¶ 7. The reaction from the Settlement Class has been overwhelmingly positive, which is unsurprising given the strengths of the Settlement. Specifically, of the 165,992 Settlement Class Members who received direct notice, none have submitted an objection and only six have requested exclusion. *Id.* ¶¶ 10-11.

Should the Court grant final approval, those Settlement Class Members who submitted claims will all receive valuable benefits, in the form of credit monitoring and insurance for an additional two years, and either a Documented Loss payment

---

[1] The Settlement Agreement and Release ("S.A.") and its exhibits are included as Ex. 1 to **Exhibit A** hereto (Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Miller Decl.")).

or a cash payment,[2] and all Settlement Class Members will benefit by Henry Ford's agreement to adopt, continue, and/or implement various data and information security measures, at its expense, which are designed to strengthen Henry Ford's data and information security. The Settlement is an excellent result for the Class, and the Court should grant final approval.

This case arises from a data security incident (the "Data Security Incident") experienced by Henry Ford that took place on or about March 30, 2023, involving the potential unauthorized access of personally identifiable information ("PII") and private health information ("PHI") (collectively, "Personal Information") of approximately 168,000 individuals. Miller Decl. ¶ 5. Shortly after public disclosure of the Data Security Incident, four putative class actions were filed against Henry Ford, which were later consolidated into this Action.[3] Collaborating, all Plaintiffs' Counsel filed the operative Consolidated Amended Complaint ("CAC") on October 13, 2023. *See* ECF No. 11. The Parties stipulated to extend the deadline for Defendant to respond to the CAC, ECF No. 15, and agreed to mediate. To this end, the Parties engaged in significant informal discovery, exchanging voluminous

---

[2] The claims' deadline is October 28, 2024. Pursuant to the Preliminary Approval Order, Settlement Administrator RG/2 Claims will cause to be filed a supplemental declaration by October 24, 2024, which will provide a near-final breakdown of claims filed and estimated calculation of Cash Payments. *See* Ex. B, ¶ 13; ECF No. 18. Preliminary claims submission information, as of October 14, 2024, is provided in section IV below.

[3] *See* ECF No. 8, PageID.128.

documents and other information, and set a mediation for February 8, 2024, with highly qualified mediator Bennett G. Picker of Stradley Ronon Stevens & Young, LLP. Miller Decl. ¶¶ 7-8, 12. After a contested, full-day mediation and multiple rounds of follow-up negotiations, the Parties were able to reach a resolution and now ask the Court to finally approve the Settlement. *Id.* ¶ 9. The Settlement is an excellent result: it creates a $700,000 non-reversionary Settlement Fund for the entire Rule 23 Class, which will be used as the exclusive source of payment for settlement relief distributed to Settlement Class Members, for costs of Administrative Expenses including Notice, and for any Service Awards and Fee Award and Costs, and the Settlement also provides valuable remedial measures to protect Settlement Class Members' Personal Information going forward. S.A. §§ 2.1, 3.1.

## II. SUMMARY OF LITIGATION

**The Data Security Incident.** Plaintiffs allege that on or about March 30, 2023, Henry Ford observed that its computer network and the sensitive Personal Information of Plaintiffs and the Settlement Class had been subjected to a cybersecurity attack. CAC ¶¶ 5-7. An unauthorized user was able to access the Personal Information of about 168,000 Henry Ford patients and customers, including Plaintiffs and Class Members. *Id.* ¶ 8. The information allegedly compromised in the Data Security Incident included, but was not limited to, Class Members' names, genders, dates of birth, ages, lab results, procedure types, diagnoses, dates of service,

3

phone numbers, medical record numbers and/or internal tracking numbers. *Id*. ¶ 1.[4]

**Plaintiffs' Allegations.** Plaintiffs allege that their Personal Information was compromised due to Henry Ford's negligent acts and omissions and its failure to protect the sensitive personal data of its patients, including Class Members. CAC ¶¶ 17-19. In addition, Plaintiffs allege Henry Ford made promises and representations to its patients, including in a written Notice of Privacy Practices, which created an implied contract between Plaintiffs and Defendant to keep their Personal Information secure from cyberattacks. *Id*. ¶¶ 44-47. Henry Ford denies all allegations of wrongdoing or liability as alleged in the Litigation.

**The Litigation History and Settlement Discussions.** Plaintiff Pelt initiated this action against Henry Ford by filing a class action complaint on July 19, 2023. ECF No. 1. Additional related cases were filed and consolidated following a motion by the plaintiffs. ECF No. 8, PageID.128. The Consolidated Amended Complaint was then filed. ECF No. 11. Throughout, the Parties discussed the possibility of exploring an early resolution via mediation. Miller Decl. ¶ 6. The Parties agreed to mediate the case with experienced mediator Bennett Picker. *Id*. ¶ 7. Prior to the mediation, Plaintiffs served Henry Ford with written questions seeking information relevant to the Data Security Incident and Henry Ford served its own requests as to

---

[4] Notably, it was determined that Social Security numbers were not compromised. Miller Decl. ¶ 10.

each Plaintiff, with each side providing fulsome answers to the requests. *Id.* ¶ 10. The Parties were unable to reach a resolution during the February 8, 2024 mediation; however, on March 18, 2024, the Parties ultimately reached a settlement in principle after over a month of continued negotiations. *Id.* ¶ 9. Plaintiffs moved for preliminary approval of the class action settlement on June 20, 2024. ECF No. 17. The Court issued preliminary approval of the Settlement on June 25, 2024. ECF No. 18. Notice has been given to the Settlement Class pursuant to the Court's Order and Plaintiffs now seek final approval of the Settlement.

## III.   THE SETTLEMENT TERMS

**Class Definition.** The Settlement will provide substantial relief for the Settlement Class, defined as follows:

> [A]ll natural persons residing in the United States who were mailed notification by Henry Ford that their Personal Information was potentially accessed, viewed, and/or obtained as a result of the Data Security Incident which occurred on or about March 30, 2023.

S.A. § 1.43 (exclusions, *id.*). The Settlement Class consists of 168,294 individuals. Chiango Decl. ¶ 5.

**Settlement Fund.** Henry Ford has agreed to create a non-reversionary Settlement Fund in the amount of $700,000, which will be used to pay Settlement Class Members, the costs of Administrative Expenses, and for any Service Awards and Fee Awards and Costs. S.A. § 3.1. Settlement Class Members may make a claim

for two years of Credit Monitoring and Insurance Services and either: (1) *Documented Loss Payment*: out-of-pocket losses up to $2,500 per person, with validated supporting documentation; or (2) *Cash Fund Payment*: a *pro rata* Settlement Payment. *Id.* § 3.2(a)-(b). Any residual funds after payment of Settlement Class benefits, administrative and other costs, and any Service and Fee Awards and Costs, shall be used to make an equal payment to all Settlement Class Members who elected a Cash Fund Payment. *See* S.A. § 3.7.

In addition to the benefits described above, Henry Ford has adopted measures to enhance its data security. *Id.* § 2.1. Henry Ford agrees to adopt, continue, and/or implement various data and information security measures, at its expense, which are designed to strengthen Henry Ford's data and information security. *Id.* These changes will benefit Settlement Class Members whose information remains in Henry Ford's possession by providing enhanced security protection of Settlement Class Members' Personal Information from unauthorized access.

**Release.** Upon entry of the Final Approval Order, Plaintiffs and Settlement Class Members will be deemed to have released all claims against Henry Ford related to the Data Security Incident. *See id.* § 4.1; *see also id.* § 1.36 for full released claim language.

**Notice and Administration Expenses.** The cost of sending Notice, and other Administration expenses, has been and will be paid from the Settlement Fund.

**Service Awards and Fee Award.** Henry Ford has agreed that each Plaintiff may petition the Court for a $1,500 Service Award, as appropriate compensation for their time, effort, and leadership serving as Class Representatives on behalf of the Settlement Class, from the Settlement Fund. *Id.* § 8.1. Henry Ford has also agreed that Class Counsel may petition the Court for their reasonable attorneys' fees and reasonably incurred attorney litigation expenses. *See* Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs and Service Awards. S.A. § 9.1; ECF No. 23.

## IV.  THE NOTICE PLAN COMPORTS WITH DUE PROCESS.

Before final approval can be granted, Due Process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated . . . to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must clearly state essential information regarding the settlement, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective

7

members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007).

Due Process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publication notice reached 81.8% of the class). The Notice Plan here meets this standard, as it provided direct notice to 98.6% of the Settlement Class. Chiango Decl. ¶ 7.

This Court approved the proposed Notice Plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 18. The Notice Plan has now been fully carried out by Claims Administrator RG/2. Pursuant to the Settlement, on July 8, 2024, Henry Ford provided RG/2 with a Settlement Class List with 168,294 records for identified Settlement Class Members, including names and mailing address for any and all Settlement Class Members that it has in its possession, custody, or control. Chiango Decl. ¶ 5. RG/2 reviewed the files, submitted the file to the National Change of Address ("NCOA") database and updated any new addresses it obtained. *Id.*

8

On July 30, 2024, RG/2 sent 168,294 postcard notices ("Notice") to all identified Settlement Class Members with an associated physical address via USPS mail, and, for those that were returned as undeliverable, the Notices were promptly re-mailed to any new address available through USPS information and by using Accurint to perform a "skip trace" search. *Id.* ¶ 7. RG/2 has re-mailed 2,316 Notices. *Id.* The Court-approved direct notice reached 98.6% of the Settlement Class. *Id.*[5]

The Notice clearly and concisely summarized this litigation, the Settlement, and the legal rights of Settlement Class Members. The Notice also directed Settlement Class Members to the Settlement Website, where they are able to submit changes of address, access important court filings (including the Long Form Notice, Claim Form, the Settlement, the Court's Preliminary Approval Order, and the Consolidated Amended Complaint), submit Claim Forms, and review updated deadlines and answers to frequently asked questions. As of October 14, 2024, there have been 11,530 visitor sessions to the Settlement Website. *Id.* ¶ 8. RG/2 also provided a phone number which allows callers to hear an introductory message, learn more about the Settlement, and speak to a live operator during regular business hours or leave a message for a return call. *Id.* ¶ 9.

As a result of this comprehensive notice program, as of October 14, 2024,

---

[5] RG/2 notified the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b) ("CAFA"). *Id*. ¶ 4.

RG/2 has received 8,391 claim forms, with Settlement Class Members having until October 28, 2024 to submit a claim. *Id.* ¶¶ 12, 13. Settlement Class Members had until September 28, 2024 to opt-out of or object to the Settlement. *Id.* ¶ 11. As of October 14, 2024, out of approximately 168,000 Settlement Class Members, only six class members have requested exclusion, and none have objected to the Settlement. *Id.* ¶ 10. Given the broad reach of the Notice, and the comprehensive information provided, the requirements of Due Process and Rule 23 are met.

As noted, as of October 14, 2024,[6] a total of 8,391 claims have been submitted, which consists of 18 claims for Documented Loss Payments and 8,333 claims for a *pro rata* Cash Fund Payment. *Id.* ¶ 13. The approved Documented Loss Payments to date seek a total of $822.98 in claimed losses. *Id.* The final calculation for the *pro rata* Cash Fund Payments will be determined after the Claims Deadline passes and the Administrator completes the claims review and validation process.

## V.   THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED.

### A. Rule 23(a) Requirements Are Met for Settlement Purposes.

***Numerosity and Ascertainability.*** The first prerequisite is that the "class is so numerous that joinder of all members is impracticable." Rule 23(a)(1). "In most cases, a class in excess of forty members will do." *Curry v. SBC Commc'ns, Inc.*,

---

[6] Presently, thirteen days remain until the October 28, 2024 Claims Deadline.

250 F.R.D 301, 310 (E.D. Mich. 2008). The Settlement Class includes roughly 168,294 individuals, *see supra*, satisfying the numerosity requirement for purposes of settlement. The Class is also ascertainable, as Defendant knows the identity of each Settlement Class Member. *See Kinder v. Nw. Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011) (class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member").

*Commonality.* Rule 23(a)(2) is satisfied when questions of law or fact are common to the class, the resolution of which will bring a class-wide resolution. Fed. R. Civ. P. 23(a)(2). It may be indicated when the claims all "depend upon a common contention," with a single common question sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The common contention must be capable of class-wide resolution and the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Here, Plaintiffs' claims turn on the adequacy of Henry Ford's data security measures. Evidence to resolve those claims does not vary among Settlement Class Members, and so can be fairly resolved, for purposes of settlement, for the entire Settlement Class.

*Typicality.* A class representative's claims must be typical of those of other class members. Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfy the typicality requirement where their "claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on

the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). Typicality assesses "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The claims need not be identical; rather, they need only "arise from the same course of conduct." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). The "court must inquire whether the interests of the named plaintiff are aligned with those of the represented group, such that in pursuing his own claims, the named plaintiff will also advance the interests of the class members.'" *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 623 (E.D. Mich. 2020). Plaintiffs allege that every Settlement Class Member had their Personal Information compromised as a result of the Data Security Incident, and were thus impacted by the same allegedly inadequate data security that Plaintiffs allege harmed the rest of the Settlement Class. Thus, Plaintiffs' pursuit of their own claims necessarily advances the interests of the Settlement Class, satisfying the typicality requirement.

    ***Adequacy.*** Class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "Class representatives are adequate when it appears that they will vigorously prosecute the interest of the class through qualified counsel . . . which usually will be the case if the representatives are part of

the class and possess the same interest and suffer the same injury as the class members." *UAW*, 497 F.3d at 626. The preliminarily-approved Class Representatives here have no conflict, have participated actively, and are represented by attorneys experienced in class actions, including data security cases. Plaintiffs' Counsel regularly engage in consumer privacy cases, have the resources necessary to prosecute this case, and have frequently been appointed lead class counsel in data security cases and other class actions. *See* Miller Decl. ¶ 24 (citing ECF No. 6-3). Plaintiffs' Counsel have devoted substantial resources to this action: investigating Plaintiffs' claims; obtaining and analyzing Plaintiffs' detailed personal records; analyzing the scope of the Data Security Incident and Henry Ford's privacy policies, remedial steps, and financial condition; participating in mediation; and, ultimately, negotiating a Settlement that provides meaningful relief and protection for the Settlement Class in the face of substantial litigation risks. *Id.* ¶ 23. Plaintiffs' Counsel have vigorously prosecuted this case and will work diligently on behalf of the Settlement Class throughout the administration process.

### B. Rule 23(b) Requirements Are Met for Purposes of Settlement.

After satisfying Rule 23(a), a plaintiff must also satisfy one of the three requirements of Rule 23(b) for a court to certify a class. Fed. R. Civ. P. 23(b); *see also Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013). Plaintiffs seek certification under Rule 23(b)(3), which requires that (i) common

questions of law and fact predominate over individualized ones, and that (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "A plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Beattie*, 511 F.3d at 564. This requirement considers "the difficulties likely to be encountered in the management of a class action" and issues with individual litigation. *Id.*; *see also Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]"). The proposed Class satisfies this standard.

### 1. Common Questions of Law and Fact Predominate.

Predominance focuses on whether the defendant's alleged liability is common enough to warrant class-wide adjudication. *Amchem*, 521 U.S. at 623. The proposed class must be "sufficiently cohesive to warrant adjudication by representation." *Id.* Though similar to the commonality requirement of Rule 23(a), Rule 23(b)(3) "contains the more stringent requirement that common issues predominate over individual issues." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 61 (E.D. Mich. 2016). Predominance is met if a single factual or legal question is "at the heart of the litigation." *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592,

619 (6th Cir. 2007). Data security cases present questions of law and fact central to liability that predominate over any individual issues. Henry Ford's alleged course of conduct was uniform across the Settlement Class, so the claims "will prevail or fail in unison." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 859 (6th Cir. 2013). Since class-wide determination of this issue will be the same for all Class Members, predominance is satisfied.

### 2.   A Class Action Is the Superior Method of Adjudication.

Certification of this suit as a class action is superior to other methods to fairly, adequately, and efficiently resolve the claims here. "The superiority requirement of Rule 23(b)(3) is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 407-08 (E.D. Mich. 2012). Such is especially true in situations which "vindicat[e] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617. Adjudicating individual actions here is impracticable given the amount in dispute per person, the complexity of the issues, and the costs of discovery and experts. Individual damages are insufficient to allow such actions—at least not with the aid of adequate counsel. Such prosecution would delay resolution, and may lead to inconsistent rulings.[7]

---

[7] The Court need not consider trial manageability. *Amchem*, 521 U.S. at 620 ("with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

Thus, the Court should certify the Settlement Class pursuant to Rule 23(b)(3). Henry Ford does not oppose class certification for settlement purposes only.

## VI.  THE SETTLEMENT SHOULD BE FINALLY APPROVED.

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts in the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be

identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has laid out its own factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631. As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

### A. Rule 23(e)(2) Factors Weigh in Favor of Final Approval.

The Settlement strongly satisfies the Rule 23(e)(2) factors. First, as explained, Plaintiffs and Class Counsel have adequately represented the Class and secured an excellent result. *See supra* § I. Second, the Settlement was negotiated at arm's-length with the assistance of mediation with a highly qualified mediator, Bennett Picker, taking place after the Parties had exchanged information sufficient to adequately assess the strengths and weaknesses of the case. *Id*. Third, the relief provided is clearly adequate when taking into account the factors listed in Rule 23. The Settlement provides a substantial recovery for the Settlement Class and does so without additional delay and the uncertainty of litigation, as well as valuable remedial measures going forward to protect Class Members' Personal Information.

*Id.* § III. Fourth, all Settlement Class Members are treated equally. Each Settlement Class Member has the opportunity to make a claim for two years of credit monitoring and insurance services *and* either a Documented Loss Payment or Cash Fund Payment. *Id.* Accordingly, all Settlement Class Members are treated equitably and have the same opportunity to participate in the Settlement.

### B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval.

#### 1. There Is No Risk of Fraud or Collusion (UAW Factor 1).

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no evidence of fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and adequacy."). Here, the Settlement was obtained following a mediation that was conducted at arm's-length after informal discovery was exchanged. Miller Decl. ¶¶ 7-12. This factor strongly supports approval.

### 2.  Litigation Through Trial Would be Complex, Costly, and Long (*UAW* Factor 2).

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception. As discussed above, the Parties have engaged in informal discovery, and a private mediation. Miller Decl. ¶¶ 8-11. The next steps in the litigation would include a contested motion to dismiss, followed by a lengthy discovery period and a contested motion for class certification, and contested motions for summary judgment, which would be at a minimum costly and time-consuming for the Parties and the Court. *Id.* ¶¶ 18-20. Undoubtedly, further litigation would create numerous risks that a litigation class could not be certified and/or that the Settlement Class would not recover anything at all. *Id.* ¶ 19. Henry Ford has indicated that it would continue to assert numerous defenses on the merits. *Id.* ¶ 18. Plaintiffs' Counsel also believe that Henry Ford would oppose class certification vigorously, and that Henry Ford would prepare a competent defense at trial. *Id.* ¶ 19. Looking beyond trial, Henry Ford could appeal the merits of any adverse decision, including any class certification under Rule 23(f). *Id.* ¶ 20.

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Settlement Class. This result

has been accomplished years earlier than if the case proceeded to judgment through trial and/or appeal(s), and provides certainty whereas litigation does not and could result in defeat for the Class on a motion to dismiss, on class certification, at summary judgment, at trial, or on appeal. Consequently, this *UAW* factor plainly weighs in favor of final approval of the Settlement.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3).

The third *UAW* Factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties engaged in significant pre-mediation discovery, exchanging material that would have contained the same information produced in formal discovery related to issues of class certification and summary judgment, and thus, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Miller Decl. ¶¶ 17, 22-23. Class Counsel's experiences in similar matters, as well as the efforts made by counsel on both sides, confirm that they are sufficiently well apprised of the facts of this action and their respective cases in order to make an intelligent analysis of the Settlement.

### 4. Plaintiffs Face Real Risks if the Case Proceeded (*UAW* Factor 4).

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. As noted, absent settlement, Henry Ford would file and vigorously argue its motion to dismiss, contest class certification, and move for summary judgment if the litigation were to continue. And there would be a risk of maintaining any class

status through trial. At the time of Settlement, the Parties anticipated that conclusion of the foregoing issues would only come after lengthy discovery and exhaustive briefing—likely years down the line. Miller Decl. ¶¶ 18-20.

Even if the Court did certify a Rule 23 class, Henry Ford would likely challenge certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. *Id.* Risk, expense, and delay permeate such a process. In Class Counsel's experience, these additional steps in litigation can take years to resolve. *Id.* The proposed Settlement eliminates this risk, expense, and delay and awards Settlement Class Members payment promptly. This factor favors final approval.

### 5. Class Counsel and Class Representatives Support the Settlement (*UAW* Factor 5).

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW of Am. v. Ford Motor Co.*, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, both Plaintiffs' Counsel and Plaintiffs support the Settlement. *See* Miller Decl. ¶¶ 21-23. They do so, because, as explained, this Settlement is an excellent result for Class Members in light of defenses likely to be raised by Henry Ford. This *UAW* factor therefore also favors final approval.

### 6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6).

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class settlements, a small number of opt-outs and objections "are to be expected" and do not impact a settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected). But here, only six Settlement Class Members have requested exclusion (out of 168,294), and no Settlement Class Member has filed an objection. Chiango Decl. ¶ 10. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."). It is also noteworthy that none of the attorneys general and other governmental officials who received notification of the settlement pursuant to the Class Action Fairness Act have filed objections. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1373 (N.D. Ga. 2019) ("Not one CAFA notice recipient objected to the settlement, which also weighs in favor of its approval here.") (citing

*Hall v. Bank of Am., N.A.*, 2014 WL 7184039, at *5 (S.D. Fla. Dec. 17, 2014)).

Moreover, given the large size of the Settlement Class here, the fact that only six Settlement Class Members have requested exclusion is an indication of the settlement's fairness. *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 600 (E.D. Mich. 2006) (collecting cases); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement."). The Settlement should be approved.[8]

### 7.  The Settlement Serves the Public Interest (*UAW* Factor 7).

The seventh and final *UAW* factor is the "public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530. Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as

---

[8] With respect to any desire for a better Settlement, courts have repeatedly rejected arguments that the settlement recovery should have been "more" or "better." *See Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *10 (W.D. Wash. Mar. 26, 2001) ("Because '[s]ettlement is the offspring of compromise' the appropriate inquiry for a court reviewing a settlement pursuant to Rule 23(e) is 'not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion.'") (quoting *Hanlon*, 150 F.3d at 1027).

a class action or not at all." *Eisen*, 417 U.S. at 161. Society undoubtedly has a strong interest in incentivizing attorneys to bring complex litigation that is necessary to protect the privacy of individuals' most personal information. In fact, class action litigation in this area is the most realistic means of obtaining recovery on behalf of the entire Class. This factor therefore supports final approval.

## VII. SETTLEMENT CLASS COUNSEL SHOULD RECEIVE FINAL APPOINTMENT.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interest of the class." Rule 23(g)(1)(B). In making this determination, courts generally consider the following factors: (1) proposed class counsel's work in identifying or investigating potential claims; (2) proposed counsel's experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) proposed class counsel's knowledge of the applicable law; and (4) proposed counsel's resources committed to representing the class. Rule 23(g)(1)(A)(i-iv). *See supra* § V(A); *see also* 4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.).

As affirmed in this Court's Preliminary Approval Order, Miller Law has extensive experience in prosecuting data security and other complex class actions. Miller Decl. ¶ 24; *see also* ECF No. 6-3. Settlement Class Counsel has diligently investigated and prosecuted this case by dedicating substantial resources to it and successfully negotiating this Settlement. *See generally* S.A.; CAC. Thus, the Court

24

should finally appoint The Miller Law Firm, P.C. as Settlement Class Counsel. *See In re Wright & Filippis, LLC Data Sec. Breach Litig.*, 2024 WL 3083436 (E.D. Mich. June 20, 2024) (final approval granted by Chief Judge Sean F. Cox in similar data security case, with similar settlement agreement structure, and similarly appointing The Miller Law Firm, P.C. as Chair of Settlement Class Counsel).

## VIII.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith.[9]

Dated: October 15, 2024              Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

*Interim Lead Counsel for Plaintiffs and the Proposed Class*

Jonathan Shub
Benjamin F. Johns
Samantha E. Holbrook
**SHUB & JOHNS LLP**

---

[9] Attached hereto are copies of the proposed Final Approval Order (**Exhibit C**) and the proposed Final Judgment (**Exhibit D**).

Four Tower Bridge
200 Barr Harbor Drive, Ste. 400
Conshohocken, PA 19428
T: (610) 477-8380
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com

Bart D. Cohen
**BAILEY GLASSER LLP**
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420
bcohen@baileyglasser.com

Jeff Ostrow
Kristen Lake Cardoso
Steven Sukert
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG**
**GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
cardoso@kolawyers.com
sukert@kolawyers.com

William "Billy" Peerce Howard
**THE CONSUMER PROTECTION**
**FIRM, PLLC**
401 East Jackson Street, Suite 2340
Truist Place
Tampa, FL 33602
(813) 500-1500
Billy@TheConsumerProtectionFirm.
com

Nick Suciu III (P72052)
**MILBERG COLEMAN BRYSON**

26

**PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs and the*
*Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2024, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

By: <u>*/s/ E. Powell Miller*</u>
E. Powell Miller (P39487)
epm@millerlawpc.com
950 West University Drive
Rochester, MI 48307
Telephone: (248) 841-2200